UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2015 MAR 27 PM 1:37
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| LYNN A. CLYMER, | ) |
| Plaintiff, | ) CIVIL ACTION NO: |
| v s. | ) |
| | ) 1:15-cv-0507 RLY-DML |
| UNITED PET GROUP, INC., | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff, Lynn A. Clymer, by counsel, GILCHRIST & BORINSTEIN, LLP, by Laurel R. K. Gilchrist and Rochelle E. Borinstein, and for her Complaint against the Defendant, United Pet Group, Inc. alleges and states as follows:

### JURISDICTION

1. This action is brought pursuant to Title I of the Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*,).

2. This court has jurisdiction over this cause of action pursuant to 28 U.S.C §1331 and §1343(a).

3. The unlawful employment practices alleged in this Complaint were committed in Hamilton County, in the Southern District of Indiana.

### PARTIES

4. The Plaintiff hereby incorporates paragraphs 1 through 3 of Plaintiff's Complaint as if set forth fully herein.

5. The Plaintiff is an adult female individual and a citizen of the United States who currently resides in Anderson, Madison County, Indiana.

6. The Plaintiff avers on information and belief that the Defendant, United Pet Group, Inc. is, and at all times relevant hereto, was a corporation organized and existing under the laws of the United States of America, is qualified to do business in Indiana and does business in Hamilton County Indiana under the name United Pet Group, Inc..

7. The Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5)(A) of Title I of the Americans with Disabilities Act (hereinafter "ADA") in that it engages in an industry offering commerce and has employed more than the requisite number of persons for the requisite duration under Title I.

## ADMINISTRATIVE PROCEDURES

8. The Plaintiff hereby incorporates paragraphs 1 through 7 of Plaintiff's Complaint as if set forth fully herein.

9. The Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

10. On or about January 29, 2015 the Plaintiff received from the EEOC a "Dismissal and Notice of Rights" on her charge of discrimination, entitling her to commence action within ninety (90) days of her receipt of that notice. (A copy of the Notice of Rights is attached hereto as Exhibit "A").

11. The Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## FACTUAL ALLEGATIONS

12. The Plaintiff hereby incorporates paragraphs 1 through 11 of Plaintiff's Complaint as if set forth fully herein.

13. The Plaintiff, Lynn Clymer, began her employment with the Defendant, United Pet Group, Inc. (hereinafter "United") in or around the year 2000.

14. Upon hire, Clymer's primary jobs were foiling and priming. Over the years, Clymer had done a variety of other jobs for United as requested by her employer.

15. In or around 2008, Clymer needed fusion surgery on her lower back. Following the surgery, Clymer returned to work for United.

16. In or around 2010, Clymer underwent right rotator cuff surgery, after which she returned to work for United.

17. In or around 2012, Clymer underwent a right knee replacement, after which she returned to work for United.

18. In 2013, Clymer was diagnosed with nerve damage in her right elbow, believed to be caused by the repetitive motion needed to do priming.

19. In or around November 2013, Clymer underwent surgery on her right elbow and was released on restrictions precluding her from priming and limiting her foiling to four (4) hours per day.

20. From December 2013 through May 2014, Clymer worked full time for United as a "floater." A "floater" is a worker who "floats" between various areas of the company, whereever she is needed.

21. On April 25, 2014, Clymer was released by the doctor, provided by United's worker's compensation insurance carrier, with permanent restrictions. On May 13, 2014, Clymer's employment with United was terminated.

22. Clymer is limited in her ability to perform some major life activities such as heavy lifting due to her 2008 back surgery, prolonged standing and stooping due to her back and knee surgeries, and prolonged repetitive motion with her hands.

23. Despite the limitations in her ability to perform major life activities, Clymer can and, for five (5) consecutive months prior to her termination did, work full time for United Pet Group, Inc. as a floater. This job kept her busy her entire work day. United expressed no complaints about her work.

### COUNT I VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT

24. The Plaintiff hereby incorporates paragraphs 1 through 23 of Plaintiff's Complaint as if set forth fully herein.

25. The Plaintiff, Lynn Clymer, is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2).

26. Title I of the ADA and its implementing regulations require defendant, United Pet Group, Inc., to refrain from discriminating against a qualified individual with a disability because of the disability of such individual in regards to job application process, hiring, advancement or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment.

27. United Pet Group violated Title I of the ADA by terminating Clymer upon her May 2014 release from medical care, based upon her disability.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests this Honorable Court find against the Defendant and provide the following relief:

(a) Compensatory damages in whatever amount, exclusive of costs and interest, that the Plaintiff is found to be entitled;

(b) Punitive/exemplary damages against the Defendant in whatever amount, exclusive of costs and interest, that the Plaintiff is found to be entitled;

(c) An order placing the Plaintiff in the position in which she would have been had there been no violation of her rights, either through front pay;

(d) An order enjoining/restraining the Defendant from further acts of discrimination or retaliation;

(e) An award of interest, costs and reasonable attorney's fees; and

(f) All other relief just and proper in the premises.

Respectfully submitted,

_____
Laurel R. K. Gilchrist (16787-53)
Rochelle E. Borinstein (24098-49)

Laurel R. K. Gilchrist
Rochelle E. Borinstein
**GILCHRIST & BORINSTEIN, LLP**
2002 East 62nd Street
Indianapolis, Indiana 46220
(317) 802-7461
(317) 802-7470 (fax)
lgilchrist@gilchristandborinstein.com
rborinstein@gilchristandborinstein.com